UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID O. DAMON,<br><br>                              Plaintiff,<br><br>          -against-<br><br>STATE OF NEW YORK, et al.,<br><br>                              Defendants. | 1:22-CV-10707 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff David O. Damon, who is presently held in the Franklin County Jail, in Malone, New York, brings this *pro se* action asserting claims under 42 U.S.C. §§ 1983 and 1985. He sues: (1) the State of New York; (2) the Franklin County District Attorney's Office; (3) Franklin County Assistant District Attorney Kelly Poupore; (4) unidentified New York State Troopers; (5) New York State Police Investigator Michael Perry; (6) the Franklin County Jail; (7) the "Franklin County Child Support Court"; (8) the Franklin County Public Defender's Office; (9) Franklin County Public Defender Thomas Soucia; (10) the "Franklin County Conflict Defender's Office"; (11) "Franklin County Conflict Defender" Anson Rhodes; (12) Law Guardian Tammy Gordon; and (13) the Saint Lawrence County District Attorney's Office.

      For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

      Under 28 U.S.C. § 1391(b), a federal civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or a substantial part of property that is the subject of the action is situated; (3) if there is no district in which an action may otherwise be brought as provided in this

> section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff names as defendants the State of New York and individuals and government offices that he alleges either reside or are employed in Franklin and/or Saint Lawrence Counties, in New York. Thus, it would appear that because at least the State of New York resides within this judicial district, and in every other federal judicial district within the State of New York, this court, and every other federal district court within the State of New York, may be a proper venue for this action under Section 1391(b)(1). Plaintiff also alleges that the events giving rise to his claims have occurred, not within this judicial district, but in Franklin and/or Saint Lawrence Counties, which are within the Northern District of New York. *See* 28 U.S.C. § 112(a), (b). Thus, it is clear that the United States District Court for the Northern District of New York is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a federal district court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law;

(8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events occurred in Franklin and/or Saint Lawrence Counties, in the Northern District of New York, and it is reasonable to expect that all relevant documents and witnesses would also be located there. Thus, the United States District Court for the Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 12, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge